UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE EVANS,<br><br>    Petitioner - Appellant,<br><br>V.<br><br>TERRY L STEWART; et al.,<br><br>    Respondents - Appellees. | No. 05-15840<br>D.C. No. CV-02-01776-DGC<br><br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Arizona (Phoenix).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 07/13/07

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 06 2007

by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE EVANS, <br><br> Petitioner - Appellant, <br><br> v. <br><br> DORA B. SCHRIRO;* et al., <br><br> Respondents - Appellees. | No. 05-15840 <br><br> D.C. No. CV-02-01776-DGC <br><br> MEMORANDUM** |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 9, 2007***

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

---

\*       Dora B. Schriro is substituted for her predecessor, Terry Stewart, as Director of the Arizona Department of Corrections, pursuant to Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\*     This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, Evans's request for oral argument is denied.

Arizona state prisoner Wayne Evans appeals *pro se* from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo*, *Turney v. Pugh*, 400 F.3d 1197, 1199 (9th Cir. 2005), and we affirm.

Evans contends that the approximately 27-month delay between his indictment and the beginning of his trial violated his Sixth Amendment right to a speedy trial. The Arizona Court of Appeals identified and balanced the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and determined that there was no violation of Evans's speedy-trial right. After reviewing the record, we cannot say that this conclusion was an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1).

Furthermore, Rule 8 of the Arizona Rules of Criminal Procedure affords Evans no relief in these federal habeas corpus proceedings. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Nor does the federal Speedy Trial Act, because Evans was not charged with violating federal law. *See United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir. 1994).

Because we conclude that Evans is not entitled to relief on his Sixth Amendment speedy trial claim, we decline his invitation to remand this case for an

2

evidentiary hearing.  *See Schriro v. Landrigan*, 127 S. Ct. 1933, 1944 (2007).

Evans's request for leave to amend is denied.

**AFFIRMED.**

